BRUNSWICK–BALKE–COLLENDER CO. v. KLUMP et al.

(Circuit Court, S. D. New York. May 19, 1904.)

1. PATENTS—SUIT FOR INFRINGEMENT—COSTS MADE AFTER OFFER TO CONSENT TO DECREE.

Where defendant in a suit for infringement, before any testimony has been taken, offers before the referee to consent to a decree as prayed in the bill, and his counsel makes no further appearance, no costs will be taxed against him for the subsequent taking of testimony, nor for the printing of the record, both of which the offer rendered unnecessary.

In Equity. Final hearing on pleadings and proofs. The suit is one for infringement of United States patent 623,933, April 25, 1899, to William H. Wiggins, for improvement in bowling alleys.

J. C. Clayton, for complainant.

LACOMBE, Circuit Judge. Issue was joined by service of an answer in November, 1903, and replication was filed. Subsequently defendants asked leave to withdraw their answer. This was denied in the following memorandum:

"No good reason for withdrawing the answer is shown. If defendants decide that further prosecution of the defense is not worth its cost to them, they may offer to submit to a decree in the usual form sustaining title and validity of patent, finding infringement, and for injunction and accounting. This will relieve them from liability for any subsequent costs for taking testimony and printing record. They cannot escape accounting by no longer litigating the main issues. But there seems no doubt, in view of what was said on the argument, that a fixed sum for each alley may be agreed upon, and possibly, also, the number of alleys made or sold which embody the device of the patent as found by the decree."

Thereafter, and on January 18, 1904, in the presence of the examiner, and before the taking of proofs had actually begun, counsel for the defendants announced that defendants had sold on or about January 1, 1904, all the alleys made or used by them containing the construction of the patent in suit, and therefore have no interest to carry on this suit. "They will therefore," he stated, "not contest the case further, and will consent and submit to a decree against them as prayed for in the bill of complaint." He also made an offer to pay $5 per pair of alleys as liquidated damages, stating that the only bowling alleys made or used by the defendants did not exceed eight

in number. Thereafter he did not attend or take any part in subsequent proceedings, nor did he appear at final hearing. Complainant's counsel declined to accept the offer, took testimony, and now presents the cause for disposition. In view of defendants' concession, it may be readily disposed of. Complainant may take a decree reciting that defendants interposed an answer, but did not attend at the taking of testimony, nor appear at the hearing before the court. Except for this recital, the decree will be in the usual form sustaining title and validity of the patent, finding defendants' device to be an infringement, and for injunction and accounting. The granting of this injunction will effectually overrule the order heretofore made denying preliminary injunction, and there is no necessity of going into an examination of proofs when defendants concede all that is prayed for except as to extent of infringement and damages, as to which no proofs are now presented. As indicated in the memorandum filed, when leave to withdraw the answer was refused, there should be no costs taxed against defendants for taking testimony subsequent to the offer to submit to decree, nor for printing of the record, both of which, as soon as offer was made, became unnecessary.